Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

CHARMING BEATS LLC,                    Case No.: 21-cv-8912

                    Plaintiff,          **ECF CASE**

          v.                      **COMPLAINT AND JURY DEMAND**
                                       **FOR DAMAGES FOR COPYRIGHT**
AUDIOMACK INC. and WARNER MUSIC        **INFRINGEMENT**
GROUP CORP.,

                 Defendant.
--------------------------------------------------------------x

      Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this

Complaint and Jury Demand against defendants AUDIOMACK INC. and WARNER MUSIC

GROUP CORP. for damages based on copyright infringement and related claims pursuant to the

Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or

"Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the

"DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information

and belief as to other matters so indicated.

## JURISDICTION AND VENUE

      1.     This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal

question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

      2.     Both defendants maintain headquarters in this Judicial District.

## VENUE

3.      At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District and venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

4.      There are no due process concerns in light of the fact that defendants committed an intentional tort that they each knew would have an effect in this Judicial District.

5.      Defendants have an office in this Judicial District and reasonably know they may be haled into this forum.

## PARTIES

6.      Plaintiff CHARMING BEATS LLC is a New York limited liability company with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

7.      Upon information and belief, defendant AUDIOMACK INC. is a corporation formed under the laws of the state of Delaware with a headquarters located at 648 Broadway Suite 302, New York, NY 10012.   AUDIOMACK may be served with process through its registered agent Harvard Business Services, Inc., 16192 Coastal Hwy, Lewes, Sussex, DE, 19958

8.      Upon information and belief, defendant WARNER MUSIC GROUP CORP. ("WARNER") is a corporation formed under the laws of the state of Delaware with a headquarters located at 1633 Broadway, New York, NY 10019.  WARNER may be served with process through its registered agent CT Corporation System, 28 Liberty St., New York, NY 10005.

## FACTS

9.      Plaintiff is the sole owner by assignment of all rights to the original musical recording and composition titled *Anything You Synthesize,* U.S. Copyright Registration No. 713-287. See **Exhibits 1** and **2.**

10.      The two managing (and only) members of plaintiff are the sole authors of the Copyrighted Track.

11.      Defendant AUDIOMACK is a music streaming service.  Defendant owns and operates an Internet based music streaming platform located at <www.audiomack.com>.

12.      Defendant WARNER is a multinational entertainment and record label conglomerate headquartered in New York City.  It is one of the "big three" recording companies and the third-largest in the global music industry, after Universal Music Group and Sony Music Entertainment.

## THE INFRINGING DERIVATIVE

13.      The infringing Derivative at issue here is titled "Caramelo" (the "Infringing Derivative").  The Infringing derivative is composed of: (i) an unlicensed copy of the Copyright Track (which is an instrumental track), and (ii) a lyrical component performed by Ninho over the Copyrighted Track.

14.      The Copyrighted Track runs from the beginning to the end of the Infringing Derivative.

15.      Over 38% of the Infringing Derivative is just the Copyrighted Track with no lyrics.

16.      The Infringing Derivative was created and/or distributed by Ninho, Rec 118, Warner Music Group, and Warner Music France.

17.     The Infringing Derivative infringes plaintiff's rights to reproduce and create derivative versions of the Copyrighted Track as set forth in 17 U.S.C. § 106.

## PRIOR LITIGATION WITH DEFENDANT WARNER

18.     In 2017, after a very public lawsuit filed by plaintiff's predecessor in interest against Warner Music Group (the "Warner Action"), all uploads of the Infringing Derivative were removed from every music streaming service.

19.     The Warner Action was titled *Yesh Music, LLC v. Warner Music Group Corp. et al.*, 19-cv-7832.

20.     Defendant WARNER was on notice since 2019 that the Infringing Derivative infringed plaintiff's rights to the Copyrighted Track and any commercial exploitation by WARNER was expressly prohibited.

21.     WARNER elected to ignore this prohibition, and chose to reproduce, distribute, and publicly display the Infringing Derivative in violation of plaintiff's exclusive rights as set forth in 17 U.S.C. § 106.

## DMCA NOTICE

22.     Plaintiff served defendant AUDIOMACK with a DMCA Take-Down Notice on or about September 19, 2019, see **Exhibits 3** and **4**, seeking the removal of the Infringing Derivative from defendant's music streaming platform (the "September 9 DMCA Notice"). Plaintiff requested not just the removal of the Infringing Derivative, but its removal from five URLs that linked to copies of the Infringing Derivative on defendant's music platform.

23.     By email dated September 9, 2019, defendant AUDIOMACK acknowledged the September 9 DMCA Notice, and claimed to have removed the requested Infringing Derivative from its music streaming platform. See **Exhibit 4**.

24. On or about February 20, 2021, defendant AUDIOMACK violated the September 9 DMCA Notice, and allowed the Infringing Derivative to once again be uploaded to its music streaming platform by defendant WARNER.

25. By demand to cease-and-desist dated October 7, 2021 defendant AUDIOMACK was reminded of its obligation to remove the Infringing Derivative based on the September 9 DMCA. **Exhibit 5**.

26. Defendant AUDIOMACK claimed by email dated October 7, 2021:

> In good faith we have suspended the work and also instructed our audio fingerprinting system to detect other versions that might be added to the site.  This goes above and beyond our obligations under the DMCA. We did receive a DMCA request from you for the following url - https://audiomack.com/song/wise13/caramelo.  We removed that work within the 24 hour time period, fulfilling our obligations under the DMCA.

See **Exhibit 6**.

27. On October 7, 2021, defendant AUDIOMACK also stated:

> we have suspended the title in question from the platform. The link provided (https://audiomack.com/ninhosdt/song/caramelo) is no longer available on our app or desktop website.

See **Exhibit 6**.

28. Every statement made by defendant AUDIOMACK was a misrepresentation of the real facts.  Defendant AUDIOMACK neither removed the Infringing Derivative from its music streaming service, or digitally fingerprinted the Infringing Derivative to prevent future uploads.

29. Defendant AUDIOMACK chose its financial relationship with defendant WARNER over complying with its obligations under the DMCA.

## THE INFRINGEMENT BY DEFENDANT WARNER

30.     Defendants have a licensing with each other that allows defendant WARNER as a "Verified Representative" to upload tracks directly to defendant AUDIOMACK's music streaming platform directly.

31.     On or about February 20, 2021, defendant WARNER uploaded the Infringing Derivative to defendant AUDIOMACK's music streaming platform.

32.     Defendant AUDIOMACK stated by email dated October 7, 2021:

> **This title (https://audiomack.com/ninhosdt/song/caramelo) was distributed to Audiomack by Warner Music Group** as a part of the artist's full album Comme prevu (https://audiomack.com/album/ninho-33/comme-prevu). Audiomack has a licensing agreement with Warner Music Group.

See **Exhibit 6** (emphasis added).

33.     Defendant WARNER should not have had a copy of the Infringing Derivative in its library, or in any electronic or physical form.

34.     In fact, defendant WARNER previously claimed all copies of the Infringing Derivative were purged from its system.

35.     In violation of plaintiff's rights as set forth in 17 U.S.C. § 106, and without a license or authority, defendant WARNER copied the Infringing Derivative, and distributed it to defendant AUDIOMACK.

36.     In violation of plaintiff's rights to the Copyrighted Track, defendant WARNER caused the Infringing Derivative to be publicly displayed on defendant AUDIOMACK's music streaming platform.

37.     Defendant WARNER violated plaintiff's exclusive rights by to the Copyrighted Track by maintaining infringing cached copies of the unlicensed Infringing Derivative in its music library and/or in any other digital or physical form.

38.     Defendant WARNER, through counsel, denied, on multiple occasions, it had any involvement with the upload of the Infringing Derivative to defendant AUDIOMACK's music streaming platform.

39.     WARNER stated:

> The XML WMG provides to Audiomack does *not* authorize any upload of "Caramelo" for streaming, and if Audiomack nevertheless uploaded the track, it has not complied with WMG's instructions and is responsible for the error.

See **Exhibit 7**.

40.     Defendant WARNER, through counsel, even warned plaintiff about proceeding with the within action, while deliberately concealing the fact that WARNER was responsible for the infringing upload.

41.     Defendant WARNER's conduct demonstrates its state of mind.  Threats, blatant misrepresents, and emphatic denials were the acts defendant WARNER chose in an attempt to conceal its infringement, rather than a frank discussion on a possible resolution.

42.     Defendant WARNER has infringed plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Copyright Act by its unlicensed reproduction, distribution, and public display of the Copyrighted Track.

43.     Plaintiff is entitled to all of its compensatory damages for defendant WARNER's direct and indirect infringement of plaintiff's rights as set forth in 17 U.S.C. § 106, or the election of an enhanced statutory damage award pursuant to Section 504(c) of the Copyright Act, plus its reasonable attorneys' fees and costs incurred in this action.

## THE INFRINGEMENT BY DEFENDANT AUDIOMACK

44.     Defendant AUDIOMACK, despite being served with the September 9, 2019 DMCA Notice, allowed defendant WARNER as a "trusted partner" to upload the Infringing Derivative to its music streaming platform.

45.     Defendant AUDIOMACK claimed, repeatedly, after its receipt of the October 7, 2021 Cease-and-Desist that the Infringing Derivative was removed from its music streaming platform.

46.     Defendant AUDOIOMACK even claimed that an audio fingerprint was made of the Infringing Derivative to prevent future uploads.

47.     On the date of this Complaint (October 30, 2021), the Infringing Derivative is still publicly available on defendant AUDIOMACK's music streaming platform, at the same URL that plaintiff identified in the October 7, 2021 notice.

48.     Despite thirteen additional emails between plaintiff, through counsel, and defendant AUDIOMACK after October 7, 2021 concerning the identified infringing content, defendant AUDIOMACK has chosen to blatantly misrepresent the fact that it was complying with the DMCA, while simultaneously refusing to remove the infringing content uploaded by its trusted partner defendant WARNER.

49.     Defendant AUDIOMACK has refused to remove infringing content, knowing its exact location and the fact that it infringes plaintiff's exclusive rights to the Copyrighted Track.

50.     Defendant AUDIOMACK has lost any safe-harbor protection under the DMCA, and has directly infringed plaintiff's rights to distribute and publicly display the Copyrighted Track.

51.    Defendant AUDIOMACK has directly infringed plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act by its unlicensed distribution, and public display of the unlicensed derivative of the Copyrighted Track.

52.    Plaintiff is entitled to all compensatory damages for defendant AUDIOMACK's direct infringement of plaintiff's rights as set forth in 17 U.S.C. § 106, or the election of an enhanced statutory damage award pursuant to Section 504(c) of the Copyright Act, plus its reasonable attorneys' fees and costs incurred in this action.

## DMCA VIOLATIONS

53.    Both defendants are well-aware of the copyright management information plaintiff includes with the Copyrighted Track; namely the identity of the Copyrighted Track, the author of the Copyrighted Track, the owner of the Copyrighted Track, and information about the terms and conditions of use of the Copyrighted Track.

54.    Defendants failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track.

55.    Defendants misrepresented their involvement in the underlying infringing conduct, and misrepresented the removal of the Infringing Track, in a blatant attempt to cover-up their infringing conduct and avoid the consequences of their acts of infringement.

56.    Defendants violated 17 U.S.C. § 1202(b) – the DMCA.  Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus the reasonable attorneys' fees, and costs incurred in this action.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

57.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

58.     It cannot be disputed that the plaintiff has a valid, registered copyrights, and owns all rights to the Copyrighted Track.

59.     Defendants without authority from plaintiff, reproduced, distributed, and publicly displayed the Copyrighted Track.

60.     Defendants' infringing conduct was done for the sole purpose of commercial gain.

61.     Defendants' commercial exploitation of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

62.     Defendants' commercial exploitation of the Copyrighted Track was not transformative.

63.     Defendants elected to reproduce, publicly display, and/or distribute plaintiff's Copyrighted Track, using the entirety of the Copyrighted Track, without a license.

64.     As a direct and proximate result of defendants' infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act and elsewhere, plaintiff has incurred damages, and requests an award of plaintiff's compensatory damages, plus defendant' profits in excess of plaintiff's compensatory damages, and the reasonable costs, and attorneys' fees incurred in this action.  Plaintiff may also elect to recover a statutory damage award from each defendant pursuant to 17 U.S.C. § 504(c)(2) for their willful infringement of up to $150,000, but not less than $30,000 per statutory award.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998, AS AMENDED,**
**17 U.S.C. §§ 1201, et seq**.

65.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

66.     Defendants failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track.

67.     Defendants continued to publicly display the Copyrighted Track, with no identifying information, after multiple notices.

68.     Defendants violated the DMCA each time they wrongfully distributed or publicly displayed the Copyrighted Track which is the musical portion of the Infringing Derivative.

69.     Defendants did the forgoing with the intent to conceal the infringement.

70.     Plaintiff seeks award of statutory damages for each violation of Section 1202(b) of the DMCA in the sum of $25,000, plus the reasonable attorneys' fees, and costs incurred in this action.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1.     restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2.     plaintiff's compensatory damages in an amount to be ascertained at trial;

3.     a statutory damage award against each defendant in favor of plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.     an award to plaintiff of statutory damages for each violation by defendants of the

DMCA, 17 U.S.C. § 1203;

5.    plaintiff's reasonable attorneys' fees and costs (17 U.S.C. § 505);

6.    pre- and post-judgment interest to the extent allowable; and,

7.    such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 30, 2021          **GARBARINI FITZGERALD P.C.**
       New York, New York

By: _Richard M. Garbarini_____

Richard M. Garbarini (RG 5496)